**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 99-734-PHX-RGS |
| ) | CV 04-2651-PHX-RGS |
| Plaintiff/Respondent, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Andres Espinoza-Torres, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

Movant Andres Espinoza-Torres, presently confined at the United States Penitentiary in Tucson, Arizona, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 22, 2004. [Doc. # 501] The Government filed a Response on April 5, 2005 [Doc. # 531], and Movant filed a Reply on June 6, 2005 [Doc. # 552]. On November 16, 2005, Magistrate Judge Morton Sitver issued a Report and Recommendation recommending that the motion be denied. [Doc. # 566] Movant filed an Objection to the Report and Recommendation on August 14, 2006. [Doc. # 594] The Court has reviewed the entire record, including each of Movant's objections. For the reasons set forth below, the Court will adopt the Report and Recommendation and deny Movant's § 2255 motion.

**I.   BACKGROUND**

On June 15, 2001, the Court entered judgment and sentenced Movant to life imprisonment, plus 235 years and terms of supervised release following jury convictions for

thirty-nine felony offenses, including conspiracy, hostage-taking, transporting and harboring illegal aliens, interstate communications, and possession or use of a firearm during a crime of violence. [Doc. # 353] Movant filed a direct appeal which was consolidated with those of his co-defendants. On November 24, 2003, the Ninth Circuit Court of Appeals issued its mandate affirming Movant's convictions and sentences. [Doc. # 491] On November 22, 2004, Movant filed the instant motion. Movant contends that (1) trial counsel was ineffective by failing to present the defense of duress, failing to call Movant to testify regarding a duress defense, and failing to sever his trial from co-defendant Carlos Garcia-Mesa; (2) appellate counsel was ineffective by failing to file a petition for a writ of certiorari with the United States Supreme Court; and (3) the denial of representation by the Mexican Consulate violated international laws and treaties.

## II.     DISCUSSION

### A.     Movant's Ineffective Assistance of Counsel Claims

To prevail on his claims of ineffective assistance of counsel, Movant must establish that (1) considering all of the circumstances, his counsel's representation fell below an objective standard of reasonableness, and (2) that Movant was prejudiced by such representation. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). If a movant fails to meet either part of the test, the claim of ineffective assistance of counsel must be denied. *Id*. at 700. A movant establishes prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

To satisfy the first prong of the *Strickland* test, Movant must identify the specific acts or omissions of counsel that he alleges do not meet the reasonable professional judgment standard. *Id*. at 688-90.  The Court must then determine whether the acts or omissions alleged fall outside a wide range of professionally competent decisions given the surrounding circumstances. *Id*. Movant must overcome the strong presumption that his counsel's conduct fell within this wide range of reasonable assistance and that counsel made all

- 2 -

significant decisions exercising reasonable professional judgment. *Id*. at 689-90. The Court determines the reasonableness of counsel's perspective at the time of the alleged error based on all the attendant circumstances. *Id*. at 689.

      **a.**    **Movant's Claims That Trial Counsel was Ineffective by Failing to Present a Duress Defense and Not Allowing Movant to Testify as to this Defense**

Movant contends that trial counsel should have presented evidence, including his own testimony, that he was acting under duress from Luis Soto-Espinoza, the co-conspirator who was killed in the shootout at Pep Boys. As discussed in the Report and Recommendation, had trial counsel presented a duress defense, including allowing Movant to testify, counsel would have opened the door to the prosecution to delve into every aspect of Movant's activities in relation to the crimes. The Court agrees with the Magistrate Judge's conclusion that the decision not to have Movant testify was reasonable in light of the fact that Movant's testimony would have operated as an admission that he indeed participated in the crimes. "A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel." *Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984). As the Magistrate Judge explained, in light of evidence that Movant was related to Luis,[1] that the two had participated in previous criminal activities together, and that Movant carried his own weapon, it would have been reasonable for counsel to conclude that a duress defense was not viable.

Furthermore, with respect to Movant's claim that counsel was ineffective for allegedly failing to advise Movant of his right to testify, the record supports a finding that Movant waived his right to testify on his own behalf at trial.

> A defendant is 'presumed to assent to his attorney's tactical decision not to have him testify.' The district court has no duty to affirmatively inform defendants of their right to testify , or to inquire whether they wish to exercise that right. '[W]aiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or

---

[1] Luis was Movant's nephew.

      notify the court of his desire to do so. A defendant who wants to reject his attorney's advice and take the stand may do so 'by insisting on testifying, speaking to the court, or discharging his lawyer." When a defendant remains 'silent in the face of his attorney's decision not to call him as a witness,' he waives the right to testify.

*United States v. Pino-Noriega*, 189 F.3d 1089, 1094-95 (9th Cir. 1999) (internal citations omitted). Here, Movant's counsel rested without presenting any witness testimony. Movant did not protest counsel's decision. Accordingly, Movant waived his right to testify. *Id.*

Because Movant has not established that his counsel was ineffective by failing to present a duress defense and not allowing him to testify in this regard, the Court will adopt the recommendation of the Magistrate Judge and deny these two claims of ineffective assistance of trial counsel. Furthermore, because a review of the motion and record conclusively shows that Movant is not entitled to relief on this claim, *see* 28 U.S.C. § 2255, the Court will adopt the Magistrate Judge's recommendation that Movant's request for an evidentiary hearing, set forth in his Reply brief, be denied.

      **b.**    **Movant's Claim That Trial Counsel Should Have Pursued Another Severance Motion**

Movant claims that trial counsel should have pursued another severance motion when co-defendant Carlos Garcia-Mesa's statements to police were admitted as evidence. Garcia-Mesa did not testify at trial, so Movant could not cross-examine him as to these statements. The record, however, shows that co-counsel filed a severance motion in which Movant's counsel joined. In denying Movant's motion to sever, the Court required the government to redact facially incriminating language from Garcia-Mesa's post-arrest statements to avoid Confrontation Clause issues. Further, the Court reviewed the redacted statements for any remaining prejudice and allowed Movant to object to the redacted version. The statements were admitted as evidence against Garcia-Mesa as non-hearsay admissions to the extent that the statements did not mention Movant specifically.

Movant does not explain how counsel's failure to raise another severance motion was prejudicial. A review of the record demonstrates that the government abided by its agreement with defense counsel regarding the introduction of these statements as evidence.

When the interviewing agent referred to the co-defendants in the courtroom while elaborating on one of Garcia-Mesa's statements, counsel made a motion to sever, which the Court denied.

As aptly explained in the Report and Recommendation, substantial evidence that Movant was involved in the alleged crimes, other than Garcia-Mesa's statements, was presented to the jury: many of the hostages testified regarding Movant's participation in the conspiracy; Luis Soto-Espinoza's father testified about Movant's activities with his son; a police officer testified that Movant was arrested prior to the instant offenses for weapons possession while in the company of co-defendant El Negro; and two letters authored by Movant while he was incarcerated prior to trial containing incriminating statements were admitted as evidence.

The United States Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), cited by Movant in his Reply, does not support his ineffective assistance of counsel claim. Unlike the hearsay statements in *Crawford*, the statements here were not introduced as evidence against Movant but were redacted to be admissible only against Garcia-Mesa.

Furthermore, the issues of severance and Confrontation Clause violation were addressed on appeal and denied by the Ninth Circuit. Section 2255 was not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds that could have been or were raised on direct appeal. *United States v. Frady*, 456 U.S. 152, 168 (1982). "[W]hen a matter has been decided adversely on appeal from a conviction, it cannot be relitigated again on a 2255 motion." *United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir. 1999).

The Court agrees with the conclusion of the Magistrate Judge that trial counsel was not unreasonable for failing to raise another severance motion, and that any alleged failure to do so did not result in prejudice to Movant. Accordingly, the Court will adopt the recommendation of the Magistrate Judge and deny said claim of ineffective assistance of trial counsel.

    **c.**     **Movant's Claim that Appellate Counsel Rendered Ineffective Assistance**

1   Movant claims that appellate counsel was ineffective for failing to file a petition for
2   writ of certiorari with the United States Supreme Court to attempt to overturn the ruling of
3   the Ninth Circuit Court of Appeals.[2]  In his Report and Recommendation, the Magistrate
4   Judge recommends that Movant's claim be denied because Movant provides no basis for his
5   argument that the Supreme Court would have been likely to grant certiorari on the issues
6   presented in Movant's appeal. *See Strickland*, 466 U.S. at 694.  The Court agrees with the
7   Magistrate Judge and will adopt his recommendation with respect to Movant's claim of
8   ineffective assistance of appellate counsel.

**B.  Movant's Claim That International Laws and Treaties Were Violated by the Arresting Officers' Failure to Notify the Mexican Consulate of Movant's Detention**

Movant claims that his rights were violated because his requests to consult with the Mexican Consulate after his arrest "were ignored."  First, the record refutes this contention.  Detective Frank Chavez of the Phoenix Police Department testified that during his August 14, 1999 interview of Movant, he advised Movant orally and in writing of his right to consular notification under the Vienna Convention on Consular Relations.  Movant signed the consular notification form, indicating he wanted the Mexican Consul notified of his arrest. [Trial transcript ("Tr.") 2/20/01, pp. 4, 10-16]  Detective Chavez further testified that he notified the Mexican Consulate of Movant's arrest. [Tr. 2/21/01, pp. 51-53]

Next, As explained in the Report and Recommendation, even assuming that the Vienna Convention on Consular Relations compels U.S. Courts to conclude that all police questioning must cease when consular notification is requested, and assuming that such a claim is cognizable on habeas corpus review, Movant fails to demonstrate that he was harmed by any alleged lack of notification. *Medellin v. Dretke*, 544 U.S. 660, 665 (2005).  Movant fails to address the fact that even though he was read his "Miranda"[3] rights, he

---

[2] The Court will disregard Movant's attempts to add claims for the first time in his Reply brief that appellate counsel was ineffective "for failing to communicate" and for "failing to raise independent grounds on appeal."

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

- 6 -

1 nevertheless chose to make statements to the police.[4] The Magistrate Judge found Movant's 2 assertion that he did not understand the interrogating officer's dialect not credible. 3 Furthermore, as previously discussed, ample evidence apart from Movant's statements 4 existed that Movant was part of the conspiracy.

5 Finally, Movant does not claim actual innocence. He has failed to established cause 6 for his failure to raise this issue on direct appeal and has failed to establish actual prejudice. 7 This claim, therefore, is procedurally defaulted. *Frady*, 456 U.S. at 168. According, the 8 Court will adopt the Magistrate Judge's recommendation that Movant's claim with respect 9 to consular notification be denied.

10 The Court has considered each of the objections raised by Movant in response to the 11 Report and Recommendation. Movant sets forth the same arguments that he advanced in his 12 § 2255 Motion and Reply. The Court finds Movant's arguments unpersuasive. Movant 13 contends that an evidentiary hearing is necessary on his claim with respect to consular 14 notification. Because the motion and record conclusively shows that Movant is not entitled 15 to relief on this claim, *see* 28 U.S.C. § 2255, the Court will deny said request.

16 **III.   CONCLUSION**

17 Based on the foregoing,

18 **IT IS ORDERED** adopting the Report and Recommendation of the Magistrate Judge. 19 [Doc. # 566]

20 **IT IS FURTHER ORDERED** denying Movant's Motion to Vacate, Set Aside, or 21 Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. # 501]

22 **IT IS FURTHER ORDERED** denying Movant's request for an evidentiary hearing 23 on his claims that trial counsel was ineffective for failing to present a duress defense and not 24 allowing Movant to testify as to this defense, and on his claim with respect to consular 25 notification.

---

[4] The Court will not address Movant's claims, raised for the first time in his Reply brief, that trial counsel was ineffective for failing to move to suppress Movant's statements and that appellate counsel was ineffective for failing to raise this issue on direct appeal.

- 7 -

1   **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.

DATED this 17th day of September, 2007.

_____
Roger G. Strand
Senior United States District Judge